Filing # 137656464 E-Filed 11/01/2021 03:22:33 PM

IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA, CIVIL DIVISION

EMMANUELA FIORE,

        Plaintiff,

vs.

HOLIDAY CVS, L.L.C.,               Case No: 2021-CA-004616 NC

        Defendant.

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, EMMANUELA FIORE (hereinafter referred to as "FIORE") by and through her undersigned counsel, and hereby sues the Defendant, HOLIDAY CVS, L.L.C. (hereinafter referred to as "CVS"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages that exceeds the sum of Thirty Thousand Dollars ($30,000.00), exclusive of costs, interest and attorneys' fees. The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court. Accordingly, Plaintiff has entered "$100,000.00" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, FIORE, resided in Sarasota County, Florida.

3. At all times material hereto Defendant, CVS, was authorized to and conducted business in Sarasota County, Florida including owning, operating, possessing and/or maintaining CVS Pharmacy #0319, 4301 Bee Ridge Road, Sarasota, Florida 34233.

4.     Plaintiff, FIORE, has retained the undersigned counsel and has agreed to pay a reasonable fee for their services.

## GENERAL ALLEGATIONS

5.     On or about March 24, 2020, Plaintiff was a lawful business invitee on the premises of Defendant, CVS, located at 4301 Bee Ridge Road, Sarasota, FL 34233.

6.     On or about March 24, 2020, Plaintiff tripped and fell on the uneven sidewalk of the property owned, maintained, and controlled by Defendant, CVS. Plaintiff suffered serious injuries, including, but not limited to, paraplegia, neck and head injuries.

## COUNT I
## NEGLIGENCE

7.     Plaintiff realleges and incorporates by reference paragraphs 1 through 6 as if set forth fully herein.

8.     Defendant, CVS, owed Plaintiff a duty to use reasonable care in maintaining the sidewalk in a reasonably safe condition and to warn business invitees, like FIORE, of dangerous conditions that were or should have been known to Defendant, CVS.

9.     Defendant, CVS, negligently maintained its sidewalk by failing to use reasonable care in maintaining its premises in a reasonably safe condition that would prevent it from being a dangerous and unsafe condition for business invitees.

10.    The negligent condition referenced above was known to Defendant, CVS, or had existed for a sufficient length of time so that Defendant, CVS, should have known of it.

11.    Defendant, CVS, breached its duty of care to the Plaintiff by failing to do one or more of the following without limitation:

   a. To use ordinary care and diligence to design, build, keep, and maintain its
      premises in a condition reasonably safe for its intended uses and free from all

defects and conditions which would render it dangerous and unsafe to Plaintiff or present an unreasonable risk of harm to her.

b.  To exercise reasonable care to protect Plaintiff from any dangerous conditions by inspecting and/or using any other means to create a safe environment.

c.  To properly warn Plaintiff of any dangerous or unsafe conditions existing in or about the premises;

d.  To properly hire, train and supervise its agents, servants and employees, to assure the prompt removal of hazards, and other dangerous conditions at the premises, and to adequately and timely warn invitees, such as Plaintiff of that condition; and,

e.  To correct dangerous ongoing conditions such as the one at issue in this case.

12.  As a direct and proximate result of Defendant, CVS's negligent acts and omissions, Plaintiff, FIORE, suffered bodily injury, great physical pain and suffering, disability, inability and loss of capacity for the enjoyment of life, inconvenience, physical impairment, disfigurement, scarring, mental anguish, loss or diminution of earnings or earning capacity, aggravation of an existing disease or physical defect, permanent injury within a reasonable degree of medical probability, medical and related expenses in the past and in the future incurred in seeking a cure for her injuries.

13.  These losses are either permanent or continuing in nature and the Plaintiff will suffer them in the future as the injuries consist in whole or in part of a permanent injury within a reasonable degree of medical probability.

WHEREFORE, Plaintiff, EMMANUELA FIORE, demand judgment against Defendant, HOLIDAY CVS, L.L.C., for damages plus costs and trial by jury on all issues so triable and for such other and further relief the Court deems just and proper.

DATED THIS ___1st___ DAY OF NOVEMBER, 2021.

**MALLARD LAW FIRM, P.A.**
889 BN. Washington Blvd.
Sarasota, Florida 34236
(941) 952-1682
(941) 378-1605 (fax)
Damian@mallardlawfirm.com
Regena@mallardlawfirm.com

Damian B. Mallard, Esq.
Fla. Bar. No. 0882348